UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA FRAWLEY,

          Plaintiff,

        v.

MEDICAL MANAGEMENT GROUP OF NEW YORK, INC.,

          Defendant.

No. 21-CV-8894 (JHR) (SLC)

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF SETTLEMENT

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

PROCEDURAL AND SETTLEMENT HISTORY...........................................1

SUMMARY OF THE SETTLEMENT ...............................................................2

LEGAL ARGUMENT..........................................................................................3

I.    The Proposed Class Should Be Certified ...................................................3

II.   Preliminary Approval of the Settlement Agreement Is Proper ..................4

III.  The Settlement Agreement Fees Are Reasonable ......................................7

IV.   The Court Should Direct Notice of Settlement and Schedule a Fairness
      Hearing ........................................................................................................8

CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Adam X. v. New Jersey Dep't of Corr.,
    No. CV1700188FLWLHG, 2022 WL 621089 (D.N.J. Mar. 3, 2022)........................8

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany &
    Albany Cnty. Bd. Of Elections,
    522 F.3rd 182, 190 (2d Cir. 2008) ........................................................................7

Brooklyn Ctr. for Indep. of the Disabled v. City of New York,
    No. 11-cv-6690-JMF (S.D.N.Y., Oct. 15, 2014) ...................................................9

Chiappetta et al. v. New York State Office of Info. and Tech. Services,
    No. 20 Civ. 8546 (CS) (S.D.N.Y. Sept. 23, 2021)................................................6

City of Detroit v. Grinnell Corp.,
    495 F.2d 448 (2d Cir. 1974), abrogated on other grounds by Goldberger v.
    Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000) .................................................6

Clark v. Ecolab, Inc.,
    Nos. 07-CV-8623, 04-CV-4488, 06-CV-5672, 2009 WL 6615729 (S.D.N.Y.
    Nov. 27, 2009) .......................................................................................................4

Cohen v. J.P. Morgan Chase & Co.,
    262 F.R.D. 153 (E.D.N.Y. 2009) ...........................................................................4

Fero v. Excellus Health Plan, Inc.,
    No. 15-cv-06569-EAW-JJM (W.D.N.Y., Jan. 14, 2022) .......................................9

Frawley v. Med. Mgmt. Grp. of New York, Inc.,
    No. 21CIV8894, 2022 WL 17812697 (S.D.N.Y. Apr. 25, 2022)............................1

Gusman v. Unisys Corp.,
    986 F.2d 1146 (7th Cir. 1993) ...............................................................................8

Handschu v. Special Servs. Div.,
    787 F.2d 828 (2d Cir. 1986).....................................................................................5

Kovach v. City Univ. of N.Y.,
    No. 13 Civ. 7198 (LGS), 2015 WL 3540798 (S.D.N.Y. June 4, 2015)..................8

ii

Maywalt v. Parker & Parsley Petroleum Co.,
    67 F.3d 1072 (2d Cir. 1995).............................................................4

Mba v. World Airways, Inc.,
    369 F. App'x 194 (2d Cir. 2010) ....................................................4

McReynolds v. Richards-Cantave,
    588 F.3d 790 (2d Cir. 2009)............................................................6

In re NASDAQ Mkt.-Makers Antitrust Litig.,
    169 F.R.D. 493 (S.D.N.Y. 1996) ....................................................9

In re NASDAQ Mkt.-Makers Antitrust Litig.,
    176 F.R.D. 99 (S.D.N.Y. 1997) ......................................................4

In re NASDAQ Mkt.-Makers Antitrust Litig.,
    187 F.R.D. 465 (S.D.N.Y. 1998) ....................................................4

Perdue v. Kenny A. ex rel. Winn,
    559 U.S. 542 (2010).........................................................................7

Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,
    396 F.3d 96 (2d Cir. 2005)..............................................................5

Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.,
    No. 16-cv-05949 (S.D.N.Y. Jan. 11, 2022) ...................................7

**Statutes**

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. .......................................1, 7

Class Action Fairness Act, 28 U.S.C. § 1715 ...................................................................9

N.Y. Exec. Law § 290 et seq. ...........................................................................................1

N.Y.C. Admin. Code § 8-107 et seq. ............................................................................1, 7

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................... passim

iii

## INTRODUCTION

This civil rights class action lawsuit was filed to address the systemic discriminatory practices that ask people to submit to "Independent Medical Examinations" ("IMEs") at medical offices that are inaccessible or fail to provide accommodations for people with disabilities ("Class Members"). Plaintiff Donna Frawley, who uses an electric scooter for mobility because of disabilities and is immune compromised because of disabilities, brought this case against defendant Medical Management Group of New York, Inc. ("MMG") for violation of federal, state, and city disability rights laws. The parties have reached a Settlement Agreement, attached as Exhibit 1 to the accompanying Affirmation of Maia Goodell ("Goodell 2/28/23 Aff.").

The Settlement Agreement is the product of robust, arms-length negotiations spanning more than a year and including two mediations, with a neutral mediator and with Judge Cave.  For the reasons set forth below, the Agreement is fair, reasonable, and adequate, and merits preliminary approval. Plaintiffs therefore request that this Court (1) grant preliminary approval of the Agreement; (2) certify the proposed class; (3) approve the notice to be provided and the method for provision of such notice; and (4) issue an order setting deadlines for objections and scheduling a Fairness Hearing.

## PROCEDURAL AND SETTLEMENT HISTORY

Plaintiff filed this civil rights class action lawsuit on October 29, 2021, seeking injunctive and declaratory relief for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL"). Defendant moved to dismiss the claims; Judge Cave recommended denial of that motion. Frawley v. Med. Mgmt. Grp. of New York, Inc., No. 21CIV8894, 2022 WL 17812697, at

*1 (S.D.N.Y. Apr. 25, 2022). Defendant filed objections to the Report and Recommendation, to which plaintiff responded. Doc. 35, 36. Those objections were pending when settlement was reached and the Court denied the motion as moot. Doc. 51.

The parties engaged in months of discovery, including exchanging 1,107 pages of documents, and written discovery requests and responses. The parties agreed to stay litigation to discuss settlement. They participated in a full-day mediation with Ralph S. Burger, Esq., on October 11, 2022. The matter was not fully settled and the parties returned to discovery, including exchange of deposition notices, including plaintiff's service of a detailed Rule 30(b)(6) notice. The parties then agreed to participate in a further Settlement Conference with this Court on December 15, 2022, which resolved the matter in principle with certain outstanding terms, which the parties negotiated for an additional two and a half months before reaching the Settlement Agreement. Goodell Aff. ¶¶ 9-13.

The parties did not negotiate monetary settlement before reaching agreement on the non-monetary terms, and did not negotiate attorneys' fees until agreement in principle was reached on all other material points of settlement. Goodell Aff. ¶ 14.

## SUMMARY OF THE SETTLEMENT

In the Settlement Agreement, MMG agrees among other things to (1) revise its notices to provide Class Members notice of their right to request accommodations and make complaints about accessibility and how to do so; (2) engage, at MMG's expense, a neutral expert to (i) review its policies, create compliance procedures, and provide training to its employees; (ii) create a disability compliance checklist for all doctors with whom MMG schedules IMEs ("Network Doctors"), and review the responses; (iii) conduct site visits of potentially noncompliant doctors' offices; (iv) report to both parties on the work done; (3) designate a point

person for accessibility; (4) remove noncompliant Network Doctors; (5) report to plaintiff annually for three years.

MMG also agrees to pay Donna Frawley $42,500.00 as compensatory damages for her individual claims of disability discrimination and to pay Class Counsel $80,000 as attorneys' fees.

## LEGAL ARGUMENT

### I.   <u>The Proposed Class Should Be Certified</u>

Consistent with Federal Rules of Civil Procedure 23(a) and 23(b)(2), Plaintiffs respectfully request that the Court certify a class consisting of:

> all people with disabilities that require reasonable accommodation, including for MMG to modify its policies and procedures to ensure scheduling of Independent Medical Examinations ("IMEs") with doctors whose offices can provide the physical accessibility and/or reasonable accommodations necessary to have equal and safe access to the offices' medical services, who since October 29, 2018 have been or reasonably fear they will be subject to MMG's alleged scheduling of IMEs at physically inaccessible facilities, alleged lack of policies and procedures to accommodate disabilities that are known or reasonably should be known, and alleged failure to respond to requests for reasonable accommodations.

The reasons that class certification is appropriate are set forth in plaintiff's Memorandum of Law in Support of Class Certification, the Goodell 12/7/21 Aff., and the affirmation of Donna Frawley dated 12/7/21. Doc. 13, 14, 15. Numerosity was further confirmed in discovery, which revealed that MMG scheduled more than 8,000 IMEs at hundreds of doctors during the period covered by this case. Goodell Aff. ¶ 4.

## II.    Preliminary Approval of the Settlement Agreement Is Proper

In granting preliminary approval of a settlement of a class action, a court must decide that the settlement at issue is "fair, reasonable, and adequate," and determine that "the settlement is not the product of collusion." Mba v. World Airways, Inc., 369 F. App'x 194, 197 (2d Cir. 2010); see also Fed. R. Civ. P. 23(e). Class action settlements such as this one are generally subject to a two-step approval process: during the first step, a court grants preliminary approval, wherein it determines that the agreement "is the result of serious, informed, non-collusive ('arm's length') negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies . . . and where the settlement appears to fall within the range of possible approval." Cohen v. J.P. Morgan Chase & Co., 262 F.R.D. 153, 157 (E.D.N.Y. 2009) (citations omitted); see also In re NASDAQ Mkt.-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997). The decision to approve or reject a settlement is committed to the discretion of that court, mindful of the judicial policy favoring settlement and counsel's ability to weigh risks and rewards of litigation. Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079-80 (2d Cir. 1995); Clark v. Ecolab, Inc., Nos. 07-CV-8623, 04-CV-4488, 06-CV-5672, 2009 WL 6615729, at * 3 (S.D.N.Y. Nov. 27, 2009); In re NASDAQ Mkt.-Makers Antitrust Litig., 187 F.R.D. 465, 473 (S.D.N.Y. 1998).

If a proposed settlement receives preliminary approval, the parties then provide notice to the class as ordered by the court. In a Rule 23(b)(2) class action, notice need only be "reasonably calculated" to "apprise interested parties" of the settlement and "afford them an opportunity to present their objections," and "express[es] no opinion on the merits of the settlement"; a district court has "virtually complete discretion as to the manner of giving notice to

class members." <u>Handschu v. Special Servs. Div.</u>, 787 F.2d 828, 833 (2d Cir. 1986) (internal citations and quotations omitted).

Once a court grants preliminary approval and the parties provide notice to the class, the second step is triggered, and the Court then conducts a fairness hearing and evaluates the settlement to determine whether it is fundamentally "fair, reasonable, and adequate." See Charron v. Wiener, 731 F.3d 241, 247–48 (2d Cir. 2013). There is a "presumption of fairness, adequacy, and reasonableness" that "may attach to a class settlement" such as this one that is "reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." <u>Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.</u>, 396 F.3d 96, 116 (2d Cir. 2005) (citation and internal quotation marks omitted).

The Rule 23(e)(2) factors are:

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arms' length;

(C)     the relief provided for the class is adequate, taking into account:

(i)      the costs, risks, and delay of trial and appeal;

(ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)    the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

The Second Circuit factors include: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing

damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement . . . in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement . . . to a possible recovery in light of all the attendant risks of litigation." City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted), abrogated on other grounds by Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000).  Courts typically summarize the analysis as a review of procedural and substantive fairness. See McReynolds v. Richards-Cantave, 588 F.3d 790, 803 (2d Cir. 2009).

The agreement here is both substantively and procedurally fair. It represents a civil rights victory for the Class Members and breaks new ground in an area of law that has not to our knowledge previously been litigated. Procedurally, this Settlement was the product of arm's-length negotiations by experienced counsel for both Plaintiff and Defendants. See McReynolds, 588 F.3d at 804 ("The extended and transparent negotiations involved in this case were sufficient evidence for the District Court to conclude that the settlement process was procedurally fair."). Plaintiff, represented by experienced class counsel, investigated for six months, opposed a motion to dismiss and filed a class certification motion, engaged in vigorous document discovery, and negotiated with defendant through two mediations. Monetary damages and attorneys' fees were not negotiated until all injunctive relief was agreed and were settled with the assistance of the Court.

Substantively, the Settlement Agreement substantively provides most of the substantial relief originally requested in the Complaint. It provides injunctive relief to the class, involves a neutral expert, and provides for three years of monitoring. . See Stipulation and Order of Settlement, Chiappetta et al. v. New York State Office of Info. and Tech. Services, No. 20 Civ. 8546 (CS) (S.D.N.Y. Sept. 23, 2021), ECF No. 33 (approving settlement requiring injunctive relief

to ensure accessibility, employee training, third-party monitoring, and regular accessibility testing); Stipulation and Order of Settlement, <u>Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.</u>, No. 16-cv-05949 (S.D.N.Y. Jan. 11, 2022), ECF Nos. 290 Ex. 1, 306 (approving settlement requiring remediation of accessibility barriers, retention of an ADA Coordinator, and employee training).

Moreover, there are risks and very substantial costs to continued litigation, and defendant is a relatively small business. While plaintiffs believe it should not prevail, defendant's argument that an independent medical examination is not a place of public accommodation under the Americans with Disabilities Act, could result in years of litigation on the federal ADA claims. Re-filing the City Law claims in state court would both prolong the litigation and limit its scope, and would necessarily add an element of uncertainty. In the Settlement Agreement, all class members obtain immediate injunctive relief with concrete steps to avoid future violations of their rights.

Finally, although named plaintiff Donna Frawley receives a modest individual settlement for her damages, the class is not thereby prejudiced; this amount was negotiated after the injunctive relief was agreed; class members are not releasing their own individual claims for money damages.

### III.    <u>The Settlement Agreement Fees Are Reasonable</u>

The ADA and the NYCHRL provide reasonable attorneys' fees to successful plaintiffs. "[A] 'reasonable fee' is a fee that is sufficient to induce a capable attorney to undertake the representation in a meritorious civil rights case." <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542 (2010). Courts in the Second Circuit calculate a presumptively reasonable fee, or lodestar, based on a reasonable hourly rate multiplied by the reasonable number of hours expended. <u>Arbor</u>

<u>Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany & Albany Cnty. Bd. Of Elections</u>, 522 F.3rd 182, 190 (2d Cir. 2008).

As set forth in the accompanying Goodell Aff. and attached billing records, the total fees in this case amount to $113,721.75. However, to facilitate settlement, plaintiff's counsel agreed to a settlement amount of $80,000. The hourly rates in the attached records are what paying clients actually pay and represent what plaintiffs' counsel could have earned had their time not been spent on this civil rights case. <u>See</u> <u>Rozell</u>, 576 F. Supp. 2d at 544 ("[R]ates that plaintiff's counsel actually charge their clients . . . [are] obviously strong evidence of what the market will bear."); <u>Gusman v. Unisys Corp.</u>. 986 F.2d 1146, 1160 (7th Cir. 1993)("[T]he best measure of the cost of an attorney's time is what that attorney could earn from paying clients."). Moreover, they are consistent with the rates other courts have awarded. <u>See</u> <u>Adam X. v. New Jersey Dep't of Corr.</u>, No. CV1700188FLWLHG, 2022 WL 621089, at *11 (D.N.J. Mar. 3, 2022) (approving rate of $730/hour for Maia Goodell and $375 for attorney who graduated in 2017, in ADA and ADEA injunctive relief class action settlement, and approving total fee and expense settlement of $975,000); <u>Kovach v. City Univ. of N.Y.</u>, No. 13 Civ. 7198 (LGS), 2015 WL 3540798, at *2, 5 (S.D.N.Y. June 4, 2015) (concluding, several years ago, that $700 per hour was a reasonable rate for Vladeck partner and that $350 per hour was a reasonable rate for Vladeck associate time).

## IV.   <u>The Court Should Direct Notice of Settlement and Schedule a Fairness Hearing</u>

Fed. R. Civ. P. 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Actions under Rule 23(b)(2), like this one, have no strict notice requirements, leaving the form and method of notice to the Court's discretion. See Fed. R. Civ. P. 23(c)(2). In a class settlement, notice must be given of the

proposed terms for payment of fees and costs "in a reasonable manner." Fed. R. Civ. P. 23(h)(1).

The form of the Notice has been agreed to by the Parties. Goodell Aff. Ex. A.

Plaintiffs recommend to the Court that notice to the Class be provided as follows:

- Posting on plaintiffs' counsel's website;

- Posting on MMG's website; and

- Defendant will provide notice to the appropriate federal and state officials pursuant to their obligations under the Class Action Fairness Act, 28 U.S.C. § 1715.

This combination of methods for distributing the Notice will ensure that class members learn about the Settlement and their opportunity to object or request to speak at the Fairness Hearing. Plaintiff has confirmed in discovery that defendant does not maintain records that would make it possible to notify class members individually through reasonable effort. Goodell Aff. ¶ 4. See In re NASDAQ Mkt.-Makers Antitrust Litig., 169 F.R.D. 493, 515 n.19 (S.D.N.Y. 1996) ("Notice under Rule 23(b)(2) is flexible, and may consist entirely of published notice in appropriate circumstances."); see also Fero v. Excellus Health Plan, Inc., No. 15-cv-06569-EAW-JJM (W.D.N.Y., Jan. 14, 2022), ECF No. 548 (approving a class notice that would be posted on Plaintiffs' website along with issuing a press release); Brooklyn Ctr. for Indep. of the Disabled v. City of New York, No. 11-cv-6690-JMF (S.D.N.Y., Oct. 15, 2014) (approving a class notice that would be posted on the websites of organizational plaintiffs and disseminated through eight listservs targeted at people with disabilities).

Class members, as well as third parties, may object to (or otherwise comment on) the Agreement by submitting their objections to counsel for both parties and the Court. Objections may be accepted in writing by no later than a date set by the Court.

The parties respectfully ask that the Court set a Fairness Hearing approximately 60 days after the Court grants preliminary approval of the settlement. The Parties will post the Notice and take the other steps described in the Parties' plan for disseminating the notice, within 7 days of the Court granting Preliminary Approval. The deadline for objections will be 21 days before the Fairness Hearing.

The Parties will respond to any timely filed objections to the Settlement, and Plaintiffs will file a Motion for Final Approval of Settlement by 7 days before the Fairness Hearing.

## **CONCLUSION**

In light of the foregoing, Plaintiffs request that the Court certify the class, order preliminary approval of the Agreement, approve the proposed form and method of the notice, and issue the proposed scheduling order.

DATED:  New York, NY
        March 10, 2023


                                        VLADECK, RASKIN & CLARK, P.C.

                                        By:  _____

                                             Maia Goodell
                                             Emily Bass
                                             565 Fifth Avenue
                                             New York, New York  10017
                                             (212) 403-7300
                                             mgoodell@vladeck.com

1270110 v1                              10