**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DONNA FRAWLEY,

*Plaintiff,*

v.

No.  21-CV-8894 (JHR) (SLC)

MEDICAL MANAGEMENT GROUP OF
NEW YORK, INC.,

*Defendant.*

**PROPOSED FINDINGS AND ORDER PRELIMINARILY APPROVING**
**CLASS SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE**
**TO THE CLASS, AND SCHEDULING A SETTLEMENT HEARING**

WHEREAS, plaintiff Donna Frawley has filed a Complaint, Doc. 1, seeking injunctive and declaratory relief on a class-wide basis for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL"), and also seeking damages individually;

WHEREAS, the plaintiff seeks to represent a class that includes individuals with disabilities who have been denied or reasonably fear denial of reasonable disability accommodations in connection with Independent Medical Examinations ("IMEs") scheduled by defendant (the "Class");

WHEREAS, the parties and their attorneys have entered into a Settlement Agreement and Release, dated March 10, 2023  (the "Settlement Agreement"), subject to the approval and

determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in the certification of the Class for settlement purposes only and the dismissal of the litigation with prejudice; and

NOW, THEREFORE, on reviewing the Settlement Agreement, including the exhibits attached thereto, and upon reviewing all prior proceedings herein, on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Court hereby appoints the law firm of Vladeck, Raskin & Clark by Maia Goodell and Emily Bass as counsel for the Class, finding that these counsel meet the requirements of Rule 23(g) (collectively referred to as "Plaintiffs' Counsel").

2.      The Court hereby approves the appointment of plaintiff Donna Frawley as representative of the Class for settlement purposes only.

3.      The Parties have jointly requested the Court to certify a class for settlement purposes only, and it deems class certification to be appropriate for settlement purposes.  The definition of the Class is as follows:  all people with disabilities that require reasonable accommodation, including for MMG to modify its policies and procedures to ensure scheduling of Independent Medical Examinations ("IMEs") with doctors whose offices can provide the physical accessibility and/or reasonable accommodations necessary to have equal and safe access to the offices' medical services, who since October 29, 2018 have been or reasonably fear they will be subject to MMG's alleged scheduling of IMEs at physically inaccessible facilities, alleged lack of policies and procedures to accommodate disabilities that are known or reasonably should be known, and alleged failure to respond to requests for reasonable accommodations.

4.      On a preliminary basis, and supported by Plaintiff's submissions in support of

class certification, Doc. 13 & 14 and the Goodell Aff. in support of the instant unopposed motion, the Court finds that the plaintiff consists of more than 40 people, which satisfies the numerosity requirement in Fed. R. Civ. P. 23(a)(1).  The Court also finds that the Complaint, Doc. 1, asserts questions of law or fact common to the Class, including whether Defendants violated the laws as alleged in scheduling IMEs.  Such common questions satisfy Fed. R. Civ. P. 23(a)(2).  The Court also finds that the claims of Plaintiff Frawley are typical of the claims of the Class, thus satisfying Fed. R. Civ. P. 23(a)(3).  The Court also finds that the Named Plaintiffs will fairly and adequately protect the interests of the Class, and thus satisfy Fed. R. Civ. P. 23(a)(4).

5.      A Final Hearing shall be held on **May 16, 2023 at 11:00 a.m. in person in Courtroom 18A**, to consider whether the Class meets the requirements for certification as a class under Fed. R. Civ. P. 23(a) and (b)(2), for settlement purposes only; to evaluate the fairness, reasonableness and adequacy of the proposed settlement and whether it should be finally approved by the Court pursuant to Rule 23(e); and whether the Court should enter a final order.

6.      The proposed Class Notice, Goodell Aff. Ex. D, and the plan for distribution of the notice, Goodell Aff. ¶ 24, are approved. The notice is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Litigation, the terms of the proposed settlement, and of their right to object to the proposed settlement.  The proposed notice is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of law, including, but not limited to, Fed. R. Civ. P.23, and the Due Process Clause of the United States Constitution. The parties shall insert in the notice the date and time of the Final Hearing set forth above, and the objection deadline set forth below.

7.      Subject to the terms of the Settlement Agreement, the parties are authorized to administer and implement the terms of the Settlement Agreement, including the notice provisions.

8.      No later than **Tuesday, April 25, 2023,** Class members may make statements and objections by email or telephone message including the following information: (a) name, address, and, if available, telephone number and e-mail address; (b) if represented by counsel, the name, address, telephone number and e-mail address of the attorney; (c) a statement of any objections; and (d) a statement of whether they are members of the Plaintiff Class.

9.      All email objections must be sent to plaintiff's counsel at: mgoodell@vladeck.com, ebass@vladeck.com. All oral objections must be made by leaving a message at: 212-403-7300.  All regular mail objections must be sent to:


Maia Goodell, Esq.
Emily Bass, Esq.
Vladeck, Raskin & Clark P.C.
565 5th Avenue, 9th Fl.
New York, NY 10017

10.      Plaintiffs' Counsel and Defendants' Counsel shall promptly furnish each other with copies of all objections that they receive.

11.      Class Members who submit timely comments or objections may appear at the Final Hearing and should indicate that they wish to do so in their objection.

12.      Any Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement Agreement, and shall be bound by the terms of the Settlement Agreement.

13.      A failure by the Court to approve any material condition of the Settlement Agreement which effects a fundamental change of the Parties' settlement shall render the Settlement Agreement voidable and unenforceable as to all Parties at the option of either Party.  Either Party

may exercise their option to void the Settlement Agreement by giving notice, in writing, to the other

and to the Court at any time prior to final approval of the Class settlement by the Court.  The voiding

Party may petition the Court to vacate any orders entered pursuant to the Settlement Agreement,

including this Preliminary Approval Order.

      14.    The Clerk of Court is respectfully directed to close ECF No. 59.

IT IS SO ORDERED this 14th day of March, 2023.

_____
SARAH L. CAVE
United States Magistrate Judge