UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA FRAWLEY,

                          *Plaintiff,*

      v.

MEDICAL MANAGEMENT GROUP OF
NEW YORK, INC.,

                         *Defendant.*

No.  21-CV-8894 (SLC)

## PROPOSED ORDER GRANTING MOTION FOR FINAL APPROVAL

       WHEREAS, plaintiff Donna Frawley filed a Complaint, Doc. 1, against defendant Medical Management Group of New York, Inc. seeking injunctive and declaratory relief on a class-wide basis for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL"), and also seeking damages individually;

       WHEREAS, the plaintiff represents a class that includes individuals with disabilities who allege that since October 29, 2018 they have been denied or reasonably fear denial of reasonable disability accommodations in connection with Independent Medical Examinations ("IMEs") scheduled by defendant (the "Class");

       WHEREAS, the parties and their attorneys have entered into a Settlement Agreement and Release, dated March 10, 2023 (the "Settlement Agreement"), Doc. 61-1, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of

the settlement which, if approved, will result in the certification of the Class for settlement purposes only and the dismissal of the litigation with prejudice;

WHEREAS, the Court granted preliminary approval, Doc. 63 ("Preliminary Approval Order"), of the Class for settlement purposes on March 14, 2023, appointing the law firm Vladeck, Raskin & Clark by Maia Goodell and Emily Bass as counsel for the Class and plaintiff Donna Frawley as representative of the Class for settlement purposes only;

WHEREAS, the Court also approved the proposed Class Notice and plan for distribution on March 14, 2023;

WHEREAS, the parties disseminated notice as directed in the order for preliminary approval, Doc. 63, and described in the parties' request for final approval ("Request"), Doc. 68, and received no objections;

NOW, THEREFORE, upon reviewing the Settlement Agreement, including the exhibits attached thereto, and upon reviewing all prior proceedings herein, on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Class described in the Preliminary Approval Order, Doc. 63 ¶ 3, is finally certified, on the basis discussed therein.

2. The Settlement Agreement and Release, Doc. 61-1, is approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23 (e), for the reasons set forth below.

3. The notice met the requirements of Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution by informing the Class of the material elements of the proposed Settlement Agreement. Defendant complied with the notice requirements of the Class Action Fairness Act. Doc. 68-1, 68-2, 68-3.

4. After a full opportunity to object, no class member made any objection to the proposed settlement. The absence of any objection to the Settlement Agreement is confirmation of class approval of its terms. See Wal-Mart-Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 118 (2d Cir. 2005).

5. The Settlement Agreement meets the Second Circuit's requirements of substantive and procedural fairness as well as the requirements of Fed. R. Civ. P. 23 (e). See McReynolds v. Richards-Cantave, 588 F.3d 790, 803 (2d Cir. 2009).

6. The Settlement Agreement is procedurally fair. It was negotiated at arm's length. After a vigorously contested motion to dismiss, the parties exchanged over 1,000 pages of documents over months of discovery, engaged in a full-day private mediation on October 11, 2022, and a Settlement Conference with this Court on December 15, 2022, and subsequently continued negotiations over a two-month period to reach the Settlement Agreement. Injunctive relief for the class was agreed before any monetary negotiation. Doc. 61 ¶¶ 9-14.

7. The Settlement Agreement is substantively fair. The relief provided is adequate, considering the costs of trial, the ability to distribute relief to the class, and the proposed award of attorney's fees. The Settlement Agreement achieves most of the relief sought in the Complaint, without the additional cost and risk of litigation.

8. The attorneys' fees, negotiated only after all other relief was agreed, are less than Class Counsel's reasonable rates and hours set forth in Class Counsel's Declaration, Doc. 61. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3rd 182, 190 (2d Cir. 2008). They were reduced for settlement from more than $110,000 (as of March 10, 2023) to $80,000. Doc. 61 ¶ 22, Doc. 61-1 ¶ 4.

9. Plaintiff will receive a monetary settlement of $42,500 for her individual

claim for compensatory damages. That amount was not negotiated until she had vigorously negotiated injunctive relief for the class and represents a fair and reasonable settlement of her claims. The Settlement Agreement does not waive damage claims for other class members. Doc. 61 ¶ 14, Doc.61-1 ¶ 3.

10. The parties are authorized to administer and implement all terms of the Settlement Agreement. The Settlement Agreement shall be enforced according to its terms.

11. The Court hereby dismisses this action in its entirety and with prejudice as stipulated in the Settlement Agreement and retains jurisdiction over the enforcement and interpretation of the Settlement Agreement.

12. The motion for final approval is hereby GRANTED.

13. The Clerk of Court is respectfully directed to terminate ECF No. 68, and to close this case.

IT IS SO ORDERED this 11th day of July, 2023.

_____
HONORABLE SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE